EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** RSC INSURANCE BROKERAGE, INC. d/b/a
*(AVISO AL DEMANDADO):* RISK STRATEGIES COMPANY, INC., a
corporation, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a
corporation, RSUI Indemnity Company, a corporation, and DOES 1 through 100,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STYLES FOR LESS, INC., a corporation,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

06/14/2016 at 01:00:34 PM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court

Central Justice Center
700 Civic Center Drive West, Santa Ana, 92701

**CASE NUMBER:**
*(Número):* 30-2016-00857912-CU-IC-CXC

Judge William Claster

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David P. Schack, 2029 Century Park East, Suite 300, Los Angeles, CA 90067 / (310) 284-3800

DATE: 06/14/2016    ALAN CARLSON, Clerk of the Court    Clerk, by _Georgina Ramirez_ , Deputy
*(Fecha)*                                         *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* RSUI Indemnity Company, a corporation

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  David P. Schack (SBN 106288)
Devin J. Stone, Esq. (SBN 260326)
2  BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
3  Los Angeles, CA 90067
Telephone:   310-284-3880
4  Facsimile:   310-284-3894

5  Attorneys for Plaintiff
STYLES FOR LESS, INC.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              FOR THE COUNTY OF ORANGE

10

11  STYLES FOR LESS, INC., a corporation,        Case No.  30-2016-00857912-CU-IC-CXC

12                   Plaintiff,                   COMPLAINT FOR:            Judge William Claster

13          v.                                                              CX-102
                                                 (1)  PROFESSIONAL
14  RSC INSURANCE BROKERAGE, INC. d/b/a               NEGLIGENCE;
RISK STRATEGIES COMPANY, INC., a
15  corporation, WESTCHESTER SURPLUS        (2)  BREACH OF CONTRACT;
LINES INSURANCE COMPANY, a
16  corporation, RSUI Indemnity Company, a      (3)  TORTIOUS BREACH OF THE
corporation, and DOES 1 through 100, inclusive,      IMPLIED COVENANT OF
17                                                    GOOD FAITH AND FAIR
                 Defendants.                          DEALING;
18
                                                 (4)  BREACH OF CONTRACT;
19
                                                 (5)  TORTIOUS BREACH OF THE
20                                                    IMPLIED COVENANT OF
                                                     GOOD FAITH AND FAIR
21                                                    DEALING; AND
22                                               (6)  UNFAIR COMPETITION
23                                               DEMAND FOR JURY TRIAL
24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

06/14/2016 at 01:00:34 PM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

COMPLAINT

Plaintiff Styles for Less, Inc. ("Styles for Less") complains of Defendants and alleges as follows:

## NATURE OF THIS ACTION

1.     Styles for Less is an insured under insurance policies sold by Defendants Westchester Surplus Lines Insurance Company ("ACE") and RSUI Indemnity Company ("RSUI") that promised a broad range of protection, including defense or indemnity for claims alleging a wide range of "wrongful acts." On October 22, 2014, Styles for Less was named as a defendant in a class action lawsuit alleging that Styles for Less sent text messages in violation of the Telephone Consumer Protection Act ("TCPA") to the class members, thereby causing them economic damages. The complaint was served on October 29, 2014. Styles for Less notified its insurance broker, RSC Insurance Brokerage, Inc. d/b/a Risk Strategies Company, Inc. ("Risk Strategies"), of the lawsuit on November 17, 2014. Styles for Less relied on its broker to provide proper notice of the claim.

2.     RSUI sold Styles for Less insurance from November 2, 2013 through November 2, 2014, with the right to provide notice of claims during the policy period for an additional sixty days. ACE sold Styles for Less insurance from insurance from November 2, 2014 through November 2, 2015. Risk Strategies chose to send ACE notice of the claim. Risk Strategies did not, on information and belief, send notice of the TCPA lawsuit to RSUI.

3.     ACE eventually denied coverage, stating that it would reconsider its coverage determination, and then denied coverage again. After Risk Strategies sent notice of the claim to RSUI on November 20, 2015, RSUI denied coverage on the basis that notice of the claim was late, but did not deny coverage on any other basis. As a result of the denials and the decision as to which insurance company to whom Risk Strategies would send notice, Styles for Less has been left without coverage for the TCPA class action. Styles for Less has spent considerable effort and funds to convince ACE and RSUI that they should have covered the claim, but neither has agreed. But for Risk Strategies' professional negligence, Styles for Less would have coverage for this claim.

4.     In the alternative, if ACE or RSUI had agreed to cover the claim, Styles for Less would not have been forced to bring this lawsuit.

## THE PARTIES

5.     Styles for Less is a corporation with its principal place of business located in Anaheim, California.

6.     Style for Less is informed and believes, and thereon alleges, that defendant Risk Strategies is a corporation engaged in the business of providing insurance agency/brokerage services and performs such business in the state of California and in Orange County.

7.     Style for Less is informed and believes, and thereon alleges, that defendant ACE is a corporation engaged in the business of providing insurance including in the state of California and in Orange County, and is licensed and regulated by the California Department of Insurance.

8.     Style for Less is informed and believes, and thereon alleges, that defendant RSUI is a corporation engaged in the business of providing insurance including in the state of California and in Orange County, and is licensed and regulated by the California Department of Insurance.

9.     The names and true capacities, whether individual, corporate, or otherwise, of defendants named herein as Does 1 through 100, inclusive, are unknown to Styles for Less, who therefore sue said defendants by such fictitious names.  Styles for Less is informed, and believes, and thereon alleges, that defendants Does 1 through 100, inclusive, or some of them, participated in some or all of the acts as hereinafter alleged and are liable to Styles for Less.  When Styles for Less has ascertained the true names and capacities of Does 1 through 100, inclusive, it will seek leave of this Court to amend its complaint by setting forth the same.

## THE INSURANCE POLICIES

10.     RSUI sold the directors and officers liability insurance policy no. NHP654538 to Styles for Less for the period November 2, 2013 to November 2, 2014 (the "RSUI Insurance Policy").

11.     Insurance policies widely available in the insurance marketplace contain express exclusions for claims and causes of action arising under the TCPA.  The RSUI Insurance Policy, however, contains no such exclusions.

12.     Insurance policies widely available in the insurance marketplace contain express exclusions for invasions of privacy.  The RSUI Insurance Policy, however, contains no such exclusions.

13.     ACE sold the "ACE EXPRESS Private Company Management Indemnity Package" insurance policy no. G27525738 001 to Styles for Less for the period November, 2, 2014 to November 2, 2015 (the "ACE Insurance Policy").

14.     Unlike the RSUI Insurance Policy, the ACE Insurance Policy contains a so-called invasion of privacy exclusion.

15.     Unlike the RSUI Insurance Policy, the ACE Insurance Policy contains a so-called goods and products exclusion.

16.     When Styles for Less switched insurance carriers from RSUI to ACE for this type of insurance policy, Risk Strategies failed to mention that there was any reduction in coverage.

17.     When Styles for Less switched insurance carriers from RSUI to ACE for this type of insurance policy, Risk Strategies failed to mention that there was a so-called "invasion of privacy" exclusion in the ACE Insurance Policy that did not exist in the RSUI Insurance Policy.

18.     When Styles for Less switched insurance carriers from RSUI to ACE for this type of insurance policy, Risk Strategies failed to mention that there was a so-called "goods and products" exclusion in the ACE Insurance Policy that did not exist in the RSUI Insurance Policy.

## THE TCPA ACTIONS

19.     On October 22, 2014, the plaintiff filed a class action complaint in *Manouchehri v. Styles for Less*, No. 14-cv-2521 (S.D. Cal.) (the "*Manouchehri* Action" or the "TCPA class action"). The plaintiff served the complaint on Styles for Less, via its registered agent, on October 29, 2014.

20.     In the *Manouchehri* Action, the plaintiff, on behalf of all class members, alleges that Styles for Less obtained its customers' cellular telephone numbers through its website and in its stores and then sent marketing messages to its customers via text without obtaining the customers' prior written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") thereby causing them economic damages.

21.     In the *Manouchehri* Action, the plaintiff, on behalf of all class members, alleges causes of actions for knowing and/or willful violations of the TCPA, negligent violations of the TCPA, and violations of restrictions on telemarketing and telephone solicitation.

22.     The parties in the *Manouchehri* Action were ordered to mediate their dispute.

3
COMPLAINT

23.     On or about December 28, 2015, the parties in the *Manouchehri* Action reached a settlement in principle of their dispute.

24.     Styles for Less has incurred substantial amounts in defense fees and costs and will pay substantial sums to resolve the TCPA class action.

## THE LIABILITIES

25.     After the *Manouchehri* Action was filed, Styles for Less faced liabilities as a result of the lawsuit.

26.     Styles for Less has incurred substantial amounts in defense fees and costs and has agreed to pay substantial sums to resolve the TCPA class action.

## RISK STRATEGIES' PROFESSIONAL NEGLIGENCE

27.     Tony Benedetto of Risk Strategies has been the long-standing principal contact for Styles for Less' insurance needs.  Mr. Benedetto has been employed with several insurance brokers over the years, and Styles for Less has followed him in his employment moves.  Styles for Less' procedure regarding notification of claims and has been the same with each broker that has employed Mr. Benedetto.   Based on Mr. Benedetto and Risk Strategies' professional expertise, including professional expertise in procuring directors and officers insurance coverage and providing notice of lawsuits against Styles for Less to Styles for Less' insurers, Styles for Less relied on Risk Strategies to, among other things, inform Styles for Less when the insurance policy offered from a new insurance carrier contained an exclusion not contained in a prior insurance policy and to provide timely notice to the proper insurance carriers if Styles for Less was named as a defendant in a lawsuit.

28.     When Risk Strategies proposed that Styles for Less switch directors and officers insurance from RSUI to ACE, Risk Strategies failed to note that the ACE Insurance Policy contained an invasion of privacy exclusion, whereas the RSUI Insurance Policy did not contain such exclusion.

29.     When Risk Strategies proposed that Styles for Less switch directors and officers insurance from RSUI to ACE, Risk Strategies failed to note that the ACE Insurance Policy contained a so-called goods and products exclusion, whereas the RSUI Insurance Policy did not contain such exclusion.

30.     When Styles for Less was sued in the TCPA action, Styles for Less provided a copy of

1 │ the lawsuit to Risk Strategies on November 17, 2014.

2 │      31.    On November 17, 2014 at approximately 3:39 p.m., Styles for Less asked Risk

3 │ Strategies to notice "[Styles for Less'] D&O and [Styles for Less'] Employment Practice carrier(s) of

4 │ this matter and request coverage."

5 │      32.    Styles for Less relied on Risk Strategies to provide proper notice to the appropriate

6 │ insurance carriers for this matter.

7 │      33.    Risk Strategies then sent a copy of the *Manouchehri* complaint to Socius Insurance

8 │ Services, Inc. ("Socius") no later than November 18, 2014.  Socius is, and has been, a California

9 │ "broker-agent" of RSUI, the company that issued the policy to Styles for Less, since at least June 27,

10 │ 2007 in California.

11 │      34.    Risk Strategies decided to provide notice of the "*Manouchehri* Action" under to the

12 │ ACE policy, not the RSUI policy.  Both RSUI and ACE denied coverage under their private company

13 │ liability insurance policies sold to Styles for Less.  RSUI denied coverage on December 9, 2015 on the

14 │ basis that it did not receive notice of the *Manouchehri* Action until November 20, 2015, even though

15 │ the lawsuit was filed on October 22, 2014.  ACE denied coverage on December 23, 2014.  ACE based

16 │ its denial on the so-called invasion of privacy exclusion and so-called "goods and products" exclusion

17 │ contained within its policy, exclusions that are not found in the RSUI insurance policy.

18 │      35.    After ACE denied coverage on December 23, 2014, Risk Strategies did not send a copy

19 │ of the *Manouchehri* Action to RSUI.

20 │      36.    Risk Strategies did not put RSUI on notice for several months after ACE's denial of

21 │ coverage.

22 │      37.    The RSUI Insurance Policy allowed for notice of claims to be given for up to sixty days

23 │ after November 2, 2014.  Sixty days after November 2, 2014 is January 1, 2015.

24 │      38.    If Risk Strategies had sent copy of the *Manouchehri* Action to RSUI between December

25 │ 23, 2014 and January 1, 2015, RSUI would not have denied coverage on the basis of late notice.

26 │      39.    In an effort to obtain coverage for its losses, Styles for Less has asserted to both RSUI

27 │ and ACE that the denials of coverage are without merit.  Nonetheless, both insurance carriers have

28 │ refused to provide coverage.

40. If RSUI had been provided notice of the *Manouchehri* Action in a timely fashion, RSUI would not have denied coverage. The RSUI policy does not include an invasion of privacy exclusion or a goods and products exclusion, unlike the ACE policy. Indeed, RSUI did not cite any exclusions in denying coverage. RSUI has admitted that the *Manouchehri* Action is "a Claim for a Wrongful Act against the Insured Organization." Letter dated Dec. 9, 2015 from RSUI to Styles for Less at 7. Therefore, the *Manouchehri* Action would be covered, unless an exclusion applies, but, RSUI did not raise any exclusions, other than timing of notice. The only basis that RSUI raised for denying coverage was the fact that it did not receive notice until November 20, 2015. *See id.*

41. At least one court has ruled that a RSUI directors and officers liability insurance policy provides coverage for a putative class action lawsuit making claims under the TCPA.

42. RSUI's denial, based on late notice alone, is consistent with the court decision ruling that a RSUI directors and officers liability insurance policy provides coverage for a putative class action lawsuit making claims under the TCPA.

43. Risk Strategies made the decision to provide notice to ACE, not RSUI. ACE, however, denied coverage on the basis that the ACE policy has two exclusions that are not contained in the RSUI policy. Had Risk Strategies provided notice to RSUI when Styles for Less provided notice of the *Manouchehri* Action to Risk Strategies (on November 17, 2014, well within the 60 day reporting window in the RSUI policy), RSUI would not have denied coverage on the basis of late notice.

44. Well over ten years ago, insurance industry commentators warned of this exact type of professional negligence by a broker, explaining that a broker must know which insurance company to whom a complaint must be sent to provide proper notice:

> *The broker's role as a claims manager is also rife with liability pitfalls.*
> At the most basic level, a broker must know to send a claim to the right insurer during the correct policy period. Many new policies are written on a claims made basis, with strict notice requirements. *An error in notice may forfeit coverage for an otherwise valid claim. Brokers must be particularly careful in giving notice of a claim when a change in insurers has been made on a claims made policy.* Far too frequently, the

6
COMPLAINT

1   broker decides to place the "wrong" insurer on notice of the claim and by

2   the time the error is discovered, notice can no longer be given to the

3   "right" insurer.  Moreover, an insurer's duty to assume the defense of its

4   policyholder is triggered only upon receipt of notice.

5   Lynda A. Bennett and David Malekan, "Broker Malpractice Actions: Navigating The Complex World

6   Of Insurance Coverage," 14 *Coverage* Magazine 4 (July/Aug. 2004) (emphasis added).

7       45.     Risk Strategies holds itself out to the public and to Styles for Less as a Risk Manager:

8   **A Different Kind of Risk Manager**

9   Today's complex, dynamic world of highly interconnected, globalized business requires

10   a different approach to risk; smart, agile, innovative.

11   Founded in 1997 as a risk and insurance consultant, Risk Strategies Company is now

12   ranked among the top 25 insurance brokerages in the United States. But, we're not a

13   behemoth, generalized insurance brokerage, wedded to rigid process and conventional

14   approaches.

15   Risk Strategies Company, Inc., *About Us*, (http://www.risk-strategies.com/company/about-us), last

16   visited Apr. 17, 2016.

17       46.     In the event that this Court determines that RSUI and ACE do not have coverage

18   obligations for the TCPA action, because notice to RSUI was late and the ACE Insurance Policy has an

19   invasion of privacy exclusion and goods and products exclusion, then Risk Strategies negligently failed

20   to provide notice to the proper insurance carrier and negligently failed to warn Styles for Less that the

21   ACE Insurance Policy had crucial exclusion that the RSUI Insurance Policy did not contain.  As a

22   result, Styles for Less will have incurred an uncovered loss.

23                               ACE'S WRONGFUL DENIAL OF COVERAGE

24       47.     Styles for Less has paid, in full, the premium of the ACE Insurance Policy, and has

25   satisfied all pertinent terms that are conditions precedent to ACE's obligations under the ACE

26   Insurance Policy.

27       48.     Styles for Less is entitled to all of the benefits provided by the ACE Insurance Policy.

28       49.     The ACE Insurance Policy applies to losses resulting from the defense fees and costs

1  and settlement made in connection with the *Manouchehri* Action.

2       50.   The ACE Insurance Policy provides defense and indemnity for claims alleging

3  "wrongful acts" and third party coverage.  ACE denied coverage for the *Manouchehri* Action under

4  both coverages.

5       51.   ACE was sent notice of the *Manouchehri* Action on November 18, 2014.  ACE

6  originally denied coverage for the *Manouchehri* Action by letter dated December 23, 2014.

7       52.   ACE's denial of coverage was without merit.

8       53.   ACE's refusal to provide coverage under the ACE Insurance Policy has left Styles for

9  Less with uncovered losses.

10                         **RSUI'S WRONGFUL DENIAL OF COVERAGE**

11       54.   Styles for Less has paid, in full, the premium of the RSUI Insurance Policy, and has

12  satisfied all pertinent terms that are conditions precedent to RSUI's obligations under the RSUI

13  Insurance Policy.

14       55.   Styles for Less is entitled to all of the benefits provided by the RSUI Insurance Policy.

15       56.   The RSUI Insurance Policy applies to losses resulting from the defense fees and costs

16  and settlement made in connection with the *Manouchehri* Action.

17       57.   The RSUI Insurance Policy provides, at a minimum, defense and indemnity for claims

18  alleging "wrongful acts."

19       58.   RSUI acknowledged that the *Manouchehri* Action constituted a Claim for a Wrongful

20  Act against the Insured Organization under the Directors & Officers and Company Coverage Section

21  of the RSUI Insurance Policy.

22       59.   RSUI, however, denied coverage for the *Manouchehri* Action under the Directors &

23  Officers and Company Coverage Section of the RSUI Insurance Policy because the Claim was not

24  made until after the expiration of the policy period and was not reported to RSUI until after the

25  expiration of the policy period or the extended reporting period.

26       60.   Styles for Less provided a copy of the *Manouchehri* Action to its insurance broker, Risk

27  Strategies, on November 17, 2014, well within the 60 day period after the expiration of the RSUI

28  policy that is appropriate for notice of Claims.

61.   Risk Strategies then sent a copy of the *Manouchehri* complaint to Socius no later than November 18, 2014.  Socius is, and has been, a "broker-agent" of RSUI since at least June 27, 2007 in California.

62.   Socius was acting as an insurance agent for RSUI.

63.   Notice to Socius acted as notice to RSUI.

64.   Socius had notice of the lawsuit and a copy of the *Manouchehri* complaint well within the reporting period for Claims.

65.   RSUI received timely notice of the *Manouchehri* complaint pursuant to California Civil Code § 2332.

66.   RSUI received timely notice of the *Manouchehri* complaint pursuant to California Insurance Code § 1731.

67.   RSUI rejected the assertion that it received notice when Socius received notice.

68.   RSUI stated that "there is no evidence" that Socius "was authorized" to act as RSUI's agent, such as for purposes of accepting notice.

69.   RSUI's denial of coverage was without merit.

70.   RSUI's refusal to provide coverage under the RSUI Insurance Policy has left Styles for Less with uncovered losses.

### FIRST CAUSE OF ACTION – PROFESSIONAL NEGLIGENCE

#### (Against Risk Strategies)

71.   Styles for Less repeats each and every allegation contained in Paragraphs 1 through 70 as if fully set forth herein.

72.   Risk Strategies acted as an insurance agent for Styles for Less' effort to obtain directors and officers liability insurance.  Risk Strategies has, through the long-standing relationship of Mr. Benedetto to Styles for Less, a special relationship.

73.   Risk Strategies was obligated to advise when there were material changes between an expiring insurance policy and a policy offered for purchase.

74.   Risk Strategies failed to provide notice that the ACE Insurance Policy contained a so-called "invasion of privacy" exclusion, whereas the RSUI Insurance Policy did not have such

9
COMPLAINT

17

1   exclusion.

2         75.    Risk Strategies failed to provide notice that the ACE Insurance Policy contained a so-

3   called "goods and products" exclusion, whereas the RSUI Insurance Policy did not have such

4   exclusion.

5         76.    Risk Strategies was obligated to provide notice of the *Manouchehri* complaint to the

6   proper insurance company.

7         77.    The TCPA action would have been covered had Risk Strategies provided notice to

8   RSUI.

9         78.    The elements of negligence are duty, breach of duty, causation, and damages.  The

10   general rule in California is that each person has a duty to use "ordinary care" and is liable for injuries

11   caused by a failure to exercise this care.

12         79.    Risk Strategies, as Styles for Less' agent, had a duty to advise Styles for Less regarding

13   material changes to coverage in the insurance policy that ACE offered as compared to the insurance

14   policy that RSUI offered.

15         80.    Risk Strategies, as Styles for Less' agent, had a duty to provide the proper insurance

16   company with notice of the *Manouchehri* complaint.

17         81.    If ACE's denial of coverage is upheld, then Risk Strategies failed to advise Styles for

18   Less regarding material changes to coverage in the insurance policy that ACE offered as compared to

19   the insurance policy that RSUI offered.

20         82.    If ACE and RSUI's denials of coverage are upheld, then Risk Strategies failed to

21   provide the proper insurance company with notice of the *Manouchehri* complaint.

22         83.    If the denials of coverage are upheld, then Risk Strategies' negligence caused Styles for

23   Less to purchase an insurance policy with more narrow coverage than what it had previously.

24   Moreover, if the denials of coverage are upheld, then Risk Strategies' decision to give notice to ACE,

25   rather than RSUI, caused the denial of coverage by RSUI.

26         84.    If the denials of coverage are upheld, then Styles for Less will have suffered financial

27   losses in the form of uncovered defense costs and liabilities in connection with the *Manouchehri*

28   action.

85.    If the denials of coverage are upheld, then Risk Strategies did not use "ordinary care."

86.    If the denials of coverage are upheld, then Risk Strategies should be held liable for injuries caused by a failure to exercise this care.

87.    If the denials of coverage are upheld, then Risk Strategies' acts, errors, and omissions will have allowed the insurance companies to raise defenses to coverage. Such acts, errors, and omissions caused Styles for Less to incur costs to defend the action noted above and to litigate its coverage claims with its insurance carriers. Risk Strategies' acts, errors, and omission caused Risk Strategies to incur costs in defending a third party action and in litigating coverage with ACE and RSUI. Risk Strategies' tortious conduct required Styles for Less to make demands against and then sue third parties.

88.    As a result of Risk Strategies' acts, errors, and omissions in failing to advise Styles for Less about the exclusions in the ACE Policy, Styles for Less was required to file suit. If Styles for Less had been competently advised, it would have obtained an errors and omissions policy with more definite coverage for the above-referenced lawsuit. Moreover, because Risk Strategies, through its acts, errors, and omissions sent notice directly to ACE, and only sent notice to Socius, instead of directly to RSUI, both ACE and RSUI denied coverage. Styles for Less then has been forced to litigate coverage with ACE and RSUI as a direct result of Risk Strategies' alleged negligence. Styles for Less seeks the attorney's fees and costs incurred in the coverage litigation as damages.

## SECOND CAUSE OF ACTION - BREACH OF CONTRACT

### (Against ACE)

89.    Styles for Less repeats each and every allegation contained in Paragraphs 1 through 88 as if fully set forth herein.

90.    The *Manouchehri* complaint alleges "wrongful acts" as that term is defined in the ACE Insurance Policy and sought damages for such alleged wrongful acts.

91.    ACE had a duty to defend and indemnify Styles for Less in the *Manouchehri* action. ACE's duty arose at least at the time of notice and continues until Styles for Less has been fully reimbursed for all its outstanding defense fees and costs and the amount of the settlement.

92.    ACE breached its duties by (a) refusing to pay any portion of Styles for Less' defense

11
COMPLAINT

1   costs or the settlement; and (b) interpreting the ACE Insurance Policy in an unreasonable manner to

2   deprive Styles for Less of insurance coverage for which Styles for Less paid.

3         93.    As a direct and proximate result of ACE's acts, Styles for Less has been damaged in an

4   amount in excess of the Court's jurisdictional limits.

5       **THIRD CAUSE OF ACTION – TORTIOUS BREACH OF THE IMPLIED COVENANT**

6                     **OF GOOD FAITH AND FAIR DEALING**

7                           (Against ACE)

8         94.    Styles for Less repeats each and every allegation contained in Paragraphs 1 through 93

9   as if fully set forth herein.

10        95.    Implied in the Policy is a covenant that ACE would act in good faith and deal fairly

11   with Styles for Less, that it would do nothing to interfere with the rights of Styles for Less to receive

12   the benefits due under the Policy, and that it would give at least the same level of consideration to

13   Styles for Less' interests as it gave to its own.

14        96.    ACE had a duty to conduct a thorough investigation of Styles for Less' claim for

15   coverage and seek facts that would support Styles for Less' claim.  Styles for Less is informed and

16   believes, and on that basis alleges, that instead of doing so, and before conducting any meaningful or

17   objective investigation of Styles for Less' claim, ACE wrongfully denied coverage and wrongfully

18   adopted the position that the *Manouchehri* lawsuit was based solely on an invasion of privacy, even

19   though ACE itself has asserted that lawsuits alleging violations of the TCPA are not invasions of

20   privacy under California law.

21        97.    In the course of denying coverage and failing and/or refusing to defend or indemnify

22   Styles for Less, ACE breached the implied covenant of good faith and fair dealing by, among other

23   things:

24           a.       failing and refusing to defend Styles for Less in the *Manouchehri* lawsuit and

25                     failing and refusing to reimburse Styles for Less for any part of its defense costs

26                     incurred in the *Manouchehri* lawsuit;

27           b.       adopting a coverage position on grounds that it knew are not supported by, and

28                     are contrary to, the terms of the ACE Insurance Policy, ACE's own prior

1   representations to California courts regarding the ACE Insurance Policy

2   language and TCPA lawsuits (such as that TCPA lawsuits did not consist of

3   invasions of privacy in at least one lawsuit in federal courts in California), the

4   law, insurance industry custom and practice, and public policy;

5   c.   suggesting that it would reconsider its coverage position, to listen to the value of

6   the *Manouchehri* settlement, and then reasserting its denial, when it had no

7   intention of changing its coverage position;

8   d.   giving greater consideration to its own interests than to Styles for Less' interests;

9   e.   refusing to pay for any portion of the settlement of the *Manouchehri* lawsuit;

10  f.   wrongfully, intentionally, unreasonably, and in bad faith failed and refused to

11  honor its obligations under the ACE Policy;

12  g.   wrongfully, intentionally, unreasonably, and in bad faith failed and refused to

13  · evaluate Styles for Less' claim under the ACE Policy in an objective fashion;

14  h.   wrongfully, intentionally, unreasonably, and in bad faith failed and refused to

15  inform Styles for Less of Styles for Less' rights under the ACE Policy and

16  applicable law, and instead made misrepresentations to Styles for Less regarding

17  its rights under the ACE Policy and applicable law;

18  i.   wrongfully, intentionally, unreasonably, and in bad faith forced Styles for Less

19  to incur the expense of filing the within action to recover benefits owing under

20  the ACE Policy;

21  j.   fraudulently misrepresented and falsely promised that it would indemnify and

22  defend Style for Less for covered claims when ACE had no intention of doing

23  so;

24  k.   wrongfully, intentionally, unreasonably, and in bad faith placed its own interests

25  above those of Styles for Less; and

26  l.   wrongfully, intentionally, unreasonably, and in bad faith failed and refused to

27  provide benefits owing under the ACE Policy.

28  98.,   ACE did the things and committed the acts alleged above for the purpose of consciously

13

COMPLAINT

1   withholding from Styles for Less the rights and benefits to which Styles for Less was entitled under the
2   Policy.

3         99.   ACE's acts were inconsistent with the reasonable expectations of its insured, were
4   contrary to established claims practices and legal requirements, and therefore constitute bad faith.

5         100.   As a direct and proximate result of ACE's acts and omissions, Styles for Less has been
6   damaged in an amount in excess of the Court's jurisdictional limits.  These damages include the
7   amount of the loss that ACE is obligated to pay under the Policy, plus interest, in an amount to be
8   proven at trial.

9         101.   Pursuant to the holding in *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Styles for
10  Less is entitled to recover as damages all attorney's fees and expenses that it reasonably has incurred,
11  and is incurring, in its efforts to obtain the policy benefits that ACE wrongfully withheld, and is
12  withholding, in bad faith, plus interest, in an amount to be proven at trial.

13        102.   ACE's conduct was despicable and was done with a conscious disregard of Styles for
14  Less' rights, constituting oppression, fraud, and/or malice, in that ACE engaged in a series of acts
15  designed to deny the benefits due under the Policy.  Specifically, ACE, through the acts and omissions
16  alleged above, and in light of information, facts, and relevant law to the contrary, consciously
17  disregarded Styles for Less' rights and forced Styles for Less to incur substantial financial losses.
18  ACE ignored Styles for Less' interests and concerns, with the requisite intent to injure within the
19  meaning of California Civil Code § 3294. Therefore, Styles for Less is entitled to recover punitive
20  damages from ACE in an amount sufficient to punish and to make an example of ACE and in order to
21  deter similar conduct.

22  <u>FOURTH CAUSE OF ACTION - BREACH OF CONTRACT</u>
23  (Against RSUI)

24        103.   Styles for Less repeats each and every allegation contained in Paragraphs 1 through 102
25  as if fully set forth herein.

26        104.   The *Manouchehri* complaint alleges "wrongful acts" as that term is defined in the RSUI
27  Insurance Policy and sought damages for such alleged wrongful acts.

28        105.   RSUI had a duty to defend and indemnify Styles for Less in the *Manouchehri* action.

14
COMPLAINT

1     RSUI's duty arose at least at the time of notice to Socius and continues until Styles for Less has been

2     fully reimbursed for all its outstanding defense fees and costs and the amount of the settlement.

3          106.    RSUI breached its duties by (a) refusing to pay any portion of Styles for Less' defense

4     costs or the settlement; and (b) interpreting the RSUI Insurance Policy in an unreasonable manner to

5     deprive Styles for Less of insurance coverage for which Styles for Less paid.

6          107.    As a direct and proximate result of RSUI's acts, Styles for Less has been damaged in an

7     amount in excess of the Court's jurisdictional limits.

8     **FIFTH CAUSE OF ACTION – TORTIOUS BREACH OF THE IMPLIED COVENANT**

9                        **OF GOOD FAITH AND FAIR DEALING**

10                                 (Against RSUI)

11          108.    Styles for Less repeats each and every allegation contained in Paragraphs 1 through 107

12     as if fully set forth herein.

13          109.    Implied in the Policy is a covenant that RSUI would act in good faith and deal fairly

14     with Styles for Less, that it would do nothing to interfere with the rights of Styles for Less to receive

15     the benefits due under the Policy, and that it would give at least the same level of consideration to

16     Styles for Less' interests as it gave to its own.

17          110.    RSUI had a duty to conduct a thorough investigation of Styles for Less' notice and

18     claim for coverage and seek facts that would support Styles for Less' claim. RSUI refused to

19     investigate whether Risk Strategies or Socius actually is RSUI's agent under California law. Instead,

20     RSUI ignored the fact that Socius is a "broker-agent" under California insurance law. RSUI stated,

21     through counsel, that Socius is a "surplus lines broker" and that "there is no evidence" that Socius

22     "was authorized" to act as RSUI's agent, such as for purposes of accepting notice. RSUI asserted

23     further, through counsel, that RSUI consistently has taken the position that an insured's broker acts as

24     RSUI's agent for receipt of claims and, RSUI has not capitulated on that issue. On information and

25     belief, RSUI made no effort to determine whether Socius was a broker-agent for RSUI. On

26     information and belief, RSUI chose to stand on its past corporate position that no insurance broker

27     could act as RSUI's agent, without investigating whether Socius was RSUI's agent under California

28     law.

111.   In the course of denying coverage and failing and/or refusing to defend or indemnify Styles for Less, RSUI breached the implied covenant of good faith and fair dealing by, among other things:

a.   failing and refusing to defend Styles for Less in the *Manouchehri* lawsuit and failing and refusing to reimburse Styles for Less for any part of its defense costs incurred in the *Manouchehri* lawsuit;

b.   adopting a coverage position on grounds that it knew are not supported by, and are contrary to, the terms of the RSUI Insurance Policy, the appointment of Socius as a "broker-agent" for RSUI years before the *Manouchehri* lawsuit was filed, the law, insurance industry custom and practice, and public policy;

c.   giving greater consideration to its own interests than to Styles for Less' interests; and

d.   refusing to pay for any portion of the settlement of the *Manouchehri* lawsuit.

e.   wrongfully, intentionally, unreasonably, and in bad faith failed and refused to honor its obligations under the RSUI Policy;

f.   wrongfully, intentionally, unreasonably, and in bad faith failed and refused to evaluate Styles for Less' claim under the RSUI Policy in an objective fashion;

g.   wrongfully, intentionally, unreasonably, and in bad faith failed and refused to inform Styles for Less of Styles for Less' rights under the RSUI Policy and applicable law, and instead made misrepresentations to Styles for Less regarding its rights under the RSUI Policy and applicable law;

h.   wrongfully, intentionally, unreasonably, and in bad faith forced Styles for Less to incur the expense of filing the within action to recover benefits owing under the RSUI Policy;

i.   fraudulently misrepresented and falsely promised that it would indemnify and defend Style for Less for covered claims when RSUI had no intention of doing so;

j.   wrongfully, intentionally, unreasonably, and in bad faith placed its own interests above those of Styles for Less; and

16
COMPLAINT

24

1        k.  wrongfully, intentionally, unreasonably, and in bad faith failed and refused to

2             provide benefits owing under the RSUI Policy.

3       112.   RSUI did the things and committed the acts alleged above for the purpose of

4 consciously withholding from Styles for Less the rights and benefits to which Styles for Less was

5 entitled under the Policy.

6       113.   RSUI's acts were inconsistent with the reasonable expectations of its insured, were

7 contrary to established claims practices and legal requirements, and therefore constitute bad faith.

8       114.   As a direct and proximate result of RSUI's acts and omissions, Styles for Less has been

9 damaged in an amount in excess of the Court's jurisdictional limits. These damages include the amount

10 of the loss that RSUI is obligated to pay under the Policy, plus interest, in an amount to be proven at

11 trial.

12      115.   Pursuant to the holding in *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), Styles for

13 Less is entitled to recover as damages all attorney's fees and expenses that it reasonably has incurred,

14 and is incurring, in its efforts to obtain the policy benefits that RSUI wrongfully withheld, and is

15 withholding, in bad faith, plus interest, in an amount to be proven at trial.

16      116.   RSUI's conduct was despicable and was done with a conscious disregard of Styles for

17 Less' rights, constituting oppression, fraud, and/or malice, in that RSUI engaged in a series of acts

18 designed to deny the benefits due under the Policy. Specifically, RSUI, through the acts and omissions

19 alleged above, and in light of information, facts, and relevant law to the contrary, consciously

20 disregarded Styles for Less' rights and forced Styles for Less to incur substantial financial losses.

21 RSUI ignored Styles for Less' interests and concerns, with the requisite intent to injure within the

22 meaning of California Civil Code § 3294. Therefore, Styles for Less is entitled to recover punitive

23 damages from RSUI in an amount sufficient to punish and to make an example of RSUI and in order to

24 deter similar conduct.

25              <u>SIXTH CAUSE OF ACTION – UNFAIR COMPETITION</u>

26                   (Against All Defendants)

27      117.   Styles for Less repeats each and every allegation contained in Paragraphs 1 through 116

28 as if fully set forth herein.

1    118.   ACE and RSUI's conduct alleged herein constitutes unlawful, unfair and fraudulent

2    business practices in violation of the California Unfair Competition Law ("UCL," Cal. Bus. & Prof.

3    Code §§ 17200 et seq.). Among other things, and without limitation:

4       a.    ACE and RSUI's denials of coverage for Styles for Less' claim were unlawful, unfair

5             and fraudulent and constituted a tortious breach of the subject insurance policies as

6             hereinabove alleged;

7       c.    ACE and RSUI's misrepresentations to Styles for Less regarding Styles for Less' rights

8             under their respective insurance policies and applicable law violate, *inter alia*, the

9             implied covenant of good faith and fair dealing in the subject insurance policies.

10   119.   Risk Strategies' conduct alleged herein constitutes unlawful, unfair and fraudulent

11   business practices in violation of the UCL.  Among other things, and without limitation:

12          (a) Risk Strategies' conduct in putting the insurance carriers on notice was negligent;

13          and

14          (b) Risk Strategies' conduct in procuring the ACE Policy was negligent.

15   120.   Styles for Less has lost money as a result of the defendants' unfair competition.

16   121.   In light of the foregoing, Styles for Less is entitled to an injunction under the UCL

17   restraining defendants from engaging in the unlawful, unfair and fraudulent conduct alleged herein, as

18   well as to restitution of those amounts obtained by defendants through their unfair competition.

19        WHEREFORE, in light of above, Styles for Less prays for relief and judgment against

20   Defendants as follows:

21        1.   Damages according to proof;

22        2.   Reasonable attorney's fees and costs incurred in obtaining the benefits due under the

23             insurance policies at issue;

24        3.   Prejudgment interest as allowed by law;

25        4.   Restitution and temporary, preliminary and permanent injunctive relief restraining

26             defendants from engaging in acts of unfair competition as alleged herein

27        5.   Punitive damages in an amount to be determined at the time of trial; and

28        6.   All other just and proper relief.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREFORE, on all claims, Styles for Less requests that the Court enter judgment and such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Styles for Less respectfully prays for a trial by jury of all claims and issues so triable.

Dated: June 14, 2016

BARNES & THORNBURG LLP

By _____
David P. Schack
Devin J. Stone
Attorneys for Plaintiff
STYLES FOR LESS, INC.

**Of Counsel:**
Scott N. Godes (*Pro Hac Vice* application to be submitted)
BARNES & THORNBURG LLP
1717 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 289-1313
Facsimile: (202) 289-1330
sgodes@btlaw.com

Carrie M. Raver (*Pro Hac Vice* application to be submitted)
BARNES & THORNBURG LLP
110 E. Wayne Street, Suite 600
Fort Wayne, IN 46802
Telephone: (260) 425-4652
Facsimile: (260) 424-8316
carrie.raver@btlaw.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David P. Schack (SBN 106288)<br>BARNES & THORNBURG LLP<br>2029 Century Park East, Suite 300<br>Los Angeles, CA 90067 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange |

TELEPHONE NO.: 310-284-3880   FAX NO.: 310-284-3894
ATTORNEY FOR (Name): STYLES FOR LESS, INC.

**06/14/2016** at 01:00:34 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Styles for Less, Inc. v. RSC Insurance Brokerage, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2016-00857912-CU-IC-CXC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402). | JUDGE: Judge William Claster<br>DEPT: CX-102 | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[✓] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary b.[✓] nonmonetary; declaratory or injunctive relief c.[✓] punitive
4. Number of causes of action (specify): six
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 14, 2016
David P. Schack
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

28

EXHIBIT B

Case Summary:

| Case Id: | 30-2016-00857912-CU-IC-CXC |
|---|---|
| Case Title: | STYLE FOR LESS INC. VS. RSC INSURANCE BROKERAGE INC. |
| Case Type: | INSURANCE COVERAGE |
| Filing Date: | 06/14/2016 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 4561767 RECEIVED ON 06/14/2016 01:00:34 PM. | 06/15/2016 | | *NV* | |
| 2 | COMPLAINT FILED BY STYLE FOR LESS INC. ON 06/14/2016 | 06/14/2016 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY STYLE FOR LESS INC. ON 06/14/2016 | 06/14/2016 | | 1 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY STYLE FOR LESS INC. ON 06/14/2016 | 06/14/2016 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY FIRSTLEGALNETWORK FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 11983699 AND RECEIPT NUMBER 11807784. | 06/15/2016 | | 1 pages | ☐ |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER CLASTER, WILLIAM ON 06/14/2016. | 06/14/2016 | | 1 pages | ☐ |
| 7 | E-FILING TRANSACTION 3428474 RECEIVED ON 06/24/2016 01:30:14 PM. | 06/24/2016 | | *NV* | |
| 8 | PROOF OF SERVICE FILED BY STYLE FOR LESS INC. ON 06/24/2016 | 06/24/2016 | | 1 pages | ☐ |
| 9 | PROOF OF SERVICE FILED BY STYLE FOR LESS INC. ON 06/24/2016 | 06/24/2016 | | 1 pages | ☐ |
| 10 | PROOF OF SERVICE FILED BY STYLE FOR LESS INC. ON 06/24/2016 | 06/24/2016 | | 1 pages | ☐ |
| 11 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 10/12/2016 AT 08:30:00 AM IN CX102 AT CIVIL COMPLEX CENTER. | 07/08/2016 | | *NV* | |
| 12 | THE COURT DEEMS THIS CASE EXCEPTIONAL. | 07/08/2016 | | *NV* | |
| 13 | THE CASE MANAGEMENT CONFERENCE IS SCHEDULED FOR 10/12/2016 AT 08:30 AM IN DEPARTMENT CX102. | 07/08/2016 | | *NV* | |
| 14 | MINUTES FINALIZED FOR CHAMBERS WORK 07/08/2016 11:30:00 AM. | 07/08/2016 | | 2 pages | |
| 15 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 07/08/2016 | | 3 pages | ☐ |
| 16 | PAYMENT RECEIVED BY SANTA ANA LEGAL SUPPORT INC. FOR 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,000.00, TRANSACTION NUMBER 11995629 AND RECEIPT NUMBER 11819732. | 07/08/2016 | | 1 pages | |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| RSC INSURANCE BROKERAGE INC. | DEFENDANT | | 06/15/2016 | |
| STYLE FOR LESS INC. | PLAINTIFF | | 06/15/2016 | |
| RSUI INDEMNITY COMPANY | DEFENDANT | | 06/15/2016 | |
| WESTCHESTER SURPLUS LINES INSURANCE CO | DEFENDANT | | 06/15/2016 | |

| BARNES & THORNBURG LLP | ATTORNEY | 06/15/2016 |
|---|---|---|

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 10/12/2016 | 08:30 | CX102 | CLASTER |

Print this page

EXHIBIT C

| Attorney or Party without Attorney:<br>DAVID P. SCHACK, ESQ.<br>BARNES & THORNBURG LLP<br>2029 CENTURY PARK EAST<br>SUITE 300<br>LOS ANGELES, CA 90067<br>*Telephone No:* 310-284-3880   *FAX No:* 310-284-3894 | *For Court Use Only* |
|---|---|
| *Ref. No. or File No.:* | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange |
| *Attorney for:* Plaintiff | **06/24/2016** at 01:30:00 PM |
| Insert name of Court, and Judicial District and Branch Court:<br>ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER | Clerk of the Superior Court<br>By e Clerk, Deputy Clerk |
| *Plaintiff:* STYLES FOR LESS, INC., ETC.<br>*Defendant:* RSC INSURANCE BROKERAGE, INC., ETC., ET AL. | |

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>30-2016-00857912-CU-IC-CXC |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET.

3. a. *Party served:* WESTCHESTER SURPLUS LINES INSURANCE COMPANY, A CORPORATION
   b. *Person served:* CHRISTINA HEYWARD, AUTHORIZED AGENT

4. *Address where the party was served:* 1201 PEACHTREE STREET, NE FULT
   ATLANTA, GA 30361

5. *I served the party:*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Jun. 16, 2016 (2) at: 3:25PM

6. The *"Notice to the Person Served"* (on the Summons) was completed as follows:
   *on behalf of:* WESTCHESTER SURPLUS LINES INSURANCE COMPANY, A CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. WILL ACREE                                          d. *The Fee for Service was:*   $215.00

   **First Legal**
   1511 West Beverly Blvd.
   Los Angeles, CA 90026
   Telephone   (213) 250-9111          e. I am: Not a Registered California Process Server
   Fax            (213) 250-1197
   www.firstlegalnetwork.com

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Mon, Jun, 20, 2016

**PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT**                     (WILL ACREE)<br>3051237  : bartha.814393

33

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>DAVID P. SCHACK, ESQ.<br>BARNES & THORNBURG LLP<br>2029 CENTURY PARK EAST<br>SUITE 300<br>LOS ANGELES, CA  90067<br>*Telephone No:* 310-284-3880     *FAX No:* 310-284-3894 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**06/24/2016** at 01:30:00 PM<br>Clerk of the Superior Court<br>By e Clerk, Deputy Clerk |
| *Attorney for:* Plaintiff     *Ref. No. or File No.:* | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER | |
| *Plaintiff:* STYLES FOR LESS, INC., ETC. | |
| *Defendant:* RSC INSURANCE BROKERAGE, INC., ETC., ET AL. | |

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>30-2016-00857912-CU-IC-CXC |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

*2.* I served copies of the SUMMONS; COMPLAINT CIVIL CASE COVER SHEET.

*3. a. Party served:*          RSUI INDEMNITY COMPANY, A CORPORATION
   *b. Person served:*        BECKY DEGEORGE, CSC LAWYERS INCORPORATING SERVICE,
                                      REGISTERED AGENT.

*4. Address where the party was served:*     2710 GATEWAY OAKS DR. #150
                                                  SACRAMENTO, CA 95833

*5. I served the party:*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive
     process for the party (1) on: Thu., Jun. 16, 2016 (2) at: 10:40AM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on behalf of:  RSUI INDEMNITY COMPANY, A CORPORATION
   Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*
   a. Michael Morris

                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   *d.  The Fee for Service was:*   $212.01

   *e.* I am: (3) registered California process server

**First Legal**
1814 "I" Street
Sacramento, CA 95814
Telephone   (916) 444-5111
Fax         (916) 443-3111
www.firstlegalnetwork.com

     (i)   Independent Contractor
     (ii)  Registration No.:  2012-33
     (iii) County:          Sacramento
     (iv) Expiration Date:  Fri, Jul. 01, 2016

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:  Thu, Jun. 23, 2016*

                                                               (Michael Morris)

Judicial Council Form POS-010          PROOF OF SERVICE                    *3051241    .bartho.816103*
Rule 2.150.(a)&(b) Rev January 1, 2007      SUMMONS & COMPLAINT

**34**

| Attorney or Party without Attorney: | | | | | For Court Use Only |
|---|---|---|---|---|---|
| DAVID P. SCHACK, ESQ. BARNES & THORNBURG LLP 2029 CENTURY PARK EAST SUITE 300 LOS ANGELES, CA 90067 Telephone No: 310-284-3880    FAX No: 310-284-3894 | | | | | **ELECTRONICALLY FILED** Superior Court of California, County of Orange **06/24/2016** at 01:30:00 PM Clerk of the Superior Court By e Clerk,Deputy Clerk |

Ref. No. or File No.:

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
ORANGE COUNTY SUPERIOR COURT, CENTRAL JUSTICE CENTER

*Plaintiff:* STYLES FOR LESS, INC., ETC.
*Defendant:* RSC INSURANCE BROKERAGE, INC., ETC., ET AL.

| PROOF OF SERVICE SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number: 30-2016-00857912-CU-IC-CXC |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET.

3.  *a. Party served:*              RSC INSURANCE BROKERAGE, INC. D/B/A RISK STRATEGIES COMPANY, INC., A CORPORATION
    *b. Person served:*        NOEL CARTER, CORPORATE CREATIONS NETWORK, INC., REGISTERED AGENT

4. *Address where the party was served:*    1430 TRUXTON AVENUE
                                 5TH FLOOR
                                 BAKERSFIELD, CA 93301

5. *I served the party:*
    a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Jun. 16, 2016 (2) at: 10:35AM

6. The *"Notice to the Person Served" (on the Summons)* was completed as follows:
    on behalf of:  RSC INSURANCE BROKERAGE, INC. D/B/A RISK STRATEGIES COMPANY, INC., A CORPORATION
    Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                   Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. PEGGY PARTIDA                 d.  *The Fee for Service was:*  $194.25
    b. FIRST LEGAL SUPPORT           e.  I am: (3)  registered California process server
       2300 TULARE STREET, STE 130              *(i)*  Independent Contractor
       FRESNO, CA 93721                       *(ii)*  *Registration No.:*  538
    c. 559-233-1993                            *(iii)*  *County:*  Kern
                                               *(iv)*  *Expiration Date:*  Fri, Jul. 22, 2016

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date: Mon, Jun. 20, 2016

    Judicial Council Form POS-010              PROOF OF SERVICE               (PEGGY PARTIDA)
    Rule 2.150.(a)&(b) Rev January 1, 2007       SUMMONS & COMPLAINT                        3081230  bartha.81-1288

EXHIBIT D

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW
ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
TELEPHONE (213) 629-7600
FACSIMILE (213) 624-1376

David A. Tartaglio (State Bar No. 117232)
*d.tartaglio@mpglaw.com*
Teresa Cho (State Bar No. 156610)
*t.cho@mpglaw.com*

Attorneys for Defendant RSUI INDEMNITY COMPANY

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
07/12/2016 at 12:13:00 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| STYLES FOR LESS, INC., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RSC INSURANCE BROKERAGE, INC.,<br>d/b/a RISK STRATEGIES COMPANY, INC.,<br>a corporation, WESTCHESTER SURPLUS<br>LINES INSURANCE COMPANY, a<br>corporation, RSUI INDEMNITY COMPANY,<br>a corporation, and DOES 1 through 100,<br>inclusive,<br><br>Defendants. | Case No. 30-2016-00857912-CU-IC-CXC<br>[Hon. William Claster, Dept. CX-102]<br><br>**ANSWER TO UNVERIFIED<br>COMPLAINT**<br><br>Action Filed:   June 14, 2016 |

Defendant RSUI INDEMNITY COMPANY ("Defendant") answers the unverified

Complaint of Plaintiff STYLES FOR LESS, INC. ("Plaintiff") as follows:

### DENIAL

1.      Pursuant to California *Code of Civil Procedure* Section 431.30(d), Defendant

denies each and every allegation of the unverified Complaint, and the whole thereof, including

each and every purported cause of action contained therein, and further denies that Plaintiff was

damaged in the manner or sums alleged, or in any other manner whatsoever.

///

///

1001077.1

1

ANSWER TO UNVERIFIED COMPLAINT

## AFFIRMATIVE DEFENSES

2.     Defendant asserts affirmative defenses in this Answer to preserve any and all rights under law and contract.  By asserting an affirmative defense, Defendant does not acknowledge or assume the burden of proof or persuasion on any particular issue where Defendant does not have such burden under the law or facts of this action.  To the extent that any affirmative defense stated in this Answer is deemed to relate instead to the absence of an element of a claim or is properly a subject of the denial rather than an affirmative defense, Defendant asserts each ground stated as such.

### FIRST AFFIRMATIVE DEFENSE

3.     The Complaint, and each and every purported cause of action therein, fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

4.     The Complaint, and each and every cause of action therein, is barred to the extent that there are any misrepresentations or concealment of material facts in the application(s) for insurance submitted to Defendant.

### THIRD AFFIRMATIVE DEFENSE

5.     The Complaint, and each and every cause of action therein, is barred to the extent that Plaintiff lacks standing or capacity to sue.

### FOURTH AFFIRMATIVE DEFENSE

6.     The Complaint is barred in whole or in part because no coverage exists for the underlying claim(s) under the terms, conditions, limitations and exclusions of the liability policies issued by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

7.     The Complaint is barred in whole or in part because Plaintiff did not suffer the damages alleged as a result of any conduct by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

8.     Plaintiff would be unjustly enriched if it was allowed to recover anything in this action.

### SEVENTH AFFIRMATIVE DEFENSE

9.      The Complaint, and each and every cause of action therein, is barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

10.     The Complaint, and each and every cause of action therein, is barred by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

11.     The Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

12.     The Complaint is barred in whole or in part because Plaintiff's rights and claims against Defendant, if any, are barred by the applicable statutes of limitations, including, but not limited to Sections 312, 337, 337(1), 337(3), 338[a], 338.1, 339, 339(1), 339(3), 340, 343 and 361 of the California *Code of Civil Procedure* and any time limitations under the subject liability policies.

### ELEVENTH AFFIRMATIVE DEFENSE

13.     The Complaint, and each and every cause of action therein, is barred to the extent that the costs of defense sought were incurred to defend, or on behalf of, one who does not qualify as an insured under the liability policies issued by Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

14.     The Complaint, and each and every cause of action therein, is barred to the extent that the applicable retentions or deductibles under the subject liability policies have not been satisfied.

### THIRTEENTH AFFIRMATIVE DEFENSE

15.     To the extent that Plaintiff failed to mitigate, minimize or avoid some or all of the damages alleged, recovery against Defendant, if any, must be reduced in whole or in part by amounts attributable to such failures.

## FOURTEENTH AFFIRMATIVE DEFENSE

16.   The Complaint, and each and every cause of action therein, is barred to the extent that the sums sought were not in defense of the underlying claim or the costs to defend the underlying action are unreasonable and inappropriate.

## FIFTEENTH AFFIRMATIVE DEFENSE

17.   The Complaint, and each and every cause of action therein, is barred because Defendant acted reasonably and with proper cause.

## SIXTEENTH AFFIRMATIVE DEFENSE

18.   The Complaint, and each and every cause of action therein, is barred to the extent that Defendant was not given timely or proper notice with respect to the underlying claim(s).

## SEVENTEENTH AFFIRMATIVE DEFENSE

19.   The Complaint, and each purported cause of action alleged therein, fails to allege facts sufficient to recover punitive or exemplary damages pursuant to California *Civil Code* §3294.

## EIGHTEENTH AFFIRMATIVE DEFENSE

20.   Defendant is informed and believes and based thereon alleges that Plaintiff cannot recover any amount for punitive damages as alleged in the Complaint because *Civil Code* §3294, pursuant to which punitive damages are sought, is void for vagueness, constitutes an unconstitutional penalty, violates specific state and federal constitutional rights to procedural and substantive due process and equal protection under the laws, exposing Defendant to punishment more than once for the same alleged offense, violates the excessive fines clause of the Eighth Amendment of the United States Constitution, gives the finder of fact unlimited discretion in imposing damages, and violates Defendant's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution.  The standard for punitive damages fails to comply with the procedural and substantive requirements for punitive damages set forth in *State Farm Mutual Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408, in that it lacks sufficiently objective criteria and procedural safeguards to give a jury adequate guidance on an appropriate range of proportionality for punitive damages.

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

1001077.1

4

ANSWER TO UNVERIFIED COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

21.    The Complaint, and each and every cause of action therein, is barred to the extent that the underlying claims constitute a known loss or non-contingent event that is not insured or insurable pursuant to California *Insurance Code* §§22 or 250 or related authorities.

## TWENTIETH AFFIRMATIVE DEFENSE

22.    The Complaint, and each and every cause of action therein, is barred to the extent that third parties are responsible for the damages alleged in the underlying claim(s).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

23.    The Complaint, and each and every cause of action therein, is barred to the extent that Plaintiff does not qualify as an insured under the subject liability policies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

24.    Any amounts that may be recovered under the subject liability policies, if any, must be reduced or offset by recoveries obtained or that may be obtained from other sources including, but not limited to, responsible third parties, other insurers and/or sureties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

25.    The Complaint, and each and every cause of action therein, is barred to the extent that recovery or indemnification would violate public policy and/or California *Insurance Code* § 533.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

26.    Defendant reserves the right to amend this Answer, to assert additional defenses, and to supplement, alter or change this Answer upon obtaining more definite facts through discovery or investigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment on the Complaint as follows:

1.    That Plaintiff takes nothing by way of its Complaint ;

2.    That the Complaint and each purported claim for relief asserted therein be dismissed with prejudice;

3.    A declaration that Defendant has no obligation to defend, indemnify or contribute

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

1001077 1

5

ANSWER TO UNVERIFIED COMPLAINT

41

1   toward the defense and indemnity with respect to the underlying claim(s);

2         4.      For costs of suit incurred herein; and

3         5.      For such other and further relief as the Court deems just and proper.

4

5   DATED: July *12*, 2016                    MUSICK, PEELER & GARRETT LLP

6

7                                        By:  _____

8                                             Teresa Cho
                                              Attorneys for Defendant RSUI INDEMNITY
9                                             COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

1001077.1

6

ANSWER TO UNVERIFIED COMPLAINT

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

        At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Los Angeles, State of California. My business address is One Wilshire

4

Boulevard, Suite 2000, Los Angeles, CA 90017-3383.

5

        On July 12, 2016, I served true copies of the following document(s) described as

6

**ANSWER TO UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

7

☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the

8

persons at the addresses listed in the Service List and placed the envelope for collection
and mailing, following our ordinary business practices. I am readily familiar with the

9

practice of Musick, Peeler & Garrett LLP for collecting and processing correspondence
for mailing. On the same day that correspondence is placed for collection and mailing, it is

10

deposited in the ordinary course of business with the United States Postal Service, in a
sealed envelope with postage fully prepaid. I am a resident or employed in the county

11

where the mailing occurred. The envelope was placed in the mail at Los Angeles,
California.

12

☐    **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax

13

numbers listed in the Service List. The document(s) were transmitted at or before 5:00
p.m. The telephone number of the sending facsimile machine was (213) 624-1376. No

14

error was reported by the fax machine that I used. A record of the fax transmission was
properly issued by the sending fax machine.

15

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the

16

document(s) to be sent from e-mail address c.staley@mpglaw.com to the persons at the e-
mail addresses listed in the Service List. I did not receive, within a reasonable time after

17

the transmission, any electronic message or other indication that the transmission was
unsuccessful.

18

        I declare under penalty of perjury under the laws of the State of California that the

19

foregoing is true and correct.

20

        Executed on July 12, 2016, at Los Angeles, California.

21

22

                                                        _Cindy L. Staley_

23

                                        Cindy L. Staley

24

25

26

27

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
*Styles for Less, Inc. v. RSC Insurance Brokerage, Inc., et al.*
Case No. 30-2016-00857912

David P. Schack, Esq.
Devin J. Stone, Esq.
BARNES & THORNBURG LLP
2029 Century Park East, Suite 300
Los Angeles, CA  90067
Tel.:    (310) 284-3880
Fax:     (310) 284-3894
Attorneys for Plaintiff

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

1001077.1

8

ANSWER TO UNVERIFIED COMPLAINT

44

EXHIBIT E

ENE,PROTO

# U.S. District Court
## Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:14-cv-02521-NLS

Manouchehri v. Styles for Less, Inc. et al
Assigned to: Magistrate Judge Nita L. Stormes
Cause: 28:1331 Fed. Question

Date Filed: 10/22/2014
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

#### Plaintiff
**Asal Sally Manouchehri**
*on Behalf of Herself and All Others
Similarly Situated*

represented by **Evan M. Meyers**
McGuire Law, P.C.
161 North Clark Street
47th Floor
Chicago, IL 60601
(312) 216-5179
Fax: (312) 275-7895
Email: emeyers@mcgpc.com
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**James Richard Patterson**
Patterson Law Group, APC
402 West Broadway
29th Floor
San Diego, CA 92101
(619) 756-6990
Fax: (619)756-6991
Email: jim@pattersonlawgroup.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

#### Plaintiff
**Pooneh Mehrazar-Arzani**

represented by **James Richard Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

#### Defendant
**Styles for Less, Inc.**
*a California corporation*

represented by **Jessica A. Mcelroy**
Blank Rome LLP
2029 Century Park East
Sixth Floor
Los Angeles, CA 90067
424-239-3400
Fax: 424-239-3434
Email: jmcelroy@blankrome.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Briones**
Mintz Levin
2029 Century Park East
Suite 1370
Los Angeles, CA 90067
310-586-3200
Fax: 310-586-3202
Email: jbriones@mintz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ana Tagvoryan**
Blank Rome LLP
2029 Century Park East
Sixth Floor
Los Angeles, CA 90067
424-239-3400
Fax: 424-239-3434
Email: ATagvoryan@blankrome.com
*ATTORNEY TO BE NOTICED*

**Esteban Morales**
Blank Rome LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
(424) 239-3428
Fax: (424) 239-3848
Email: EMorales@BlankRome.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Does 1 through 20**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/22/2014 | 1 | COMPLAINT with Jury Demand against Styles for Less, Inc., Does 1 through 20, (Filing fee $400 receipt number 0974-7490857), filed by Asal Sally Manouchehri. (Attachments: # 1 Exhibit A, # 2 Cover Sheet,# 3 Declaration of J. Patterson) ).<br><br>The new case number is 3:14-cv-2521-DMS-NLS. Judge Dana M. Sabraw and Magistrate Judge Nita L. Stormes are assigned to the case. (Patterson, James)(dls) (Additional attachment(s) (Attachment 3) added on 10/22/2014; NEF regenerated) (Entered: 10/22/2014) |
| 10/22/2014 | 2 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (dls) (Entered: 10/22/2014) |
| 11/17/2014 | 3 | SUMMONS Returned Executed by Asal Sally Manouchehri. Styles for Less, Inc. served. (Patterson, James) (aef). (Entered: 11/17/2014) |

| 11/19/2014 | 4 | NOTICE of Appearance by Joshua Briones on behalf of Styles for Less, Inc. (Briones, Joshua)Attorney Joshua Briones added to party Styles for Less, Inc.(pty:dft) (aef). (Entered: 11/19/2014) |
| --- | --- | --- |
| 11/19/2014 | 5 | Joint MOTION for Extension of Time to File *Response to Plaintiff's Complaint* by Styles for Less, Inc.. (Briones, Joshua) (aef). (Entered: 11/19/2014) |
| 11/19/2014 | 6 | NOTICE of Appearance by Ana Tagvoryan on behalf of Styles for Less, Inc. (Tagvoryan, Ana)Attorney Ana Tagvoryan added to party Styles for Less, Inc.(pty:dft) (aef). (Entered: 11/19/2014) |
| 11/24/2014 | 7 | NOTICE of Appearance by Esteban Morales on behalf of Styles for Less, Inc. (Morales, Esteban)Attorney Esteban Morales added to party Styles for Less, Inc.(pty:dft) (aef). (Entered: 11/24/2014) |
| 12/17/2014 | 8 | ORDER Granting 5 Joint Motion to Extend Defendant's Time to Respond to the Complaint. No later than December 19, 2014, Defendant Styles for Less, Inc. shall file a response to the complaint, if any. Signed by Judge Dana M. Sabraw on 12/17/14. (dls) (Entered: 12/18/2014) |
| 12/19/2014 | 9 | Joint MOTION for Extension of Time to File Answer *to Plaintiff's Complaint* by Styles for Less, Inc.. (Briones, Joshua) (QC email sent re lacking proof of service) (dls). (Entered: 12/19/2014) |
| 12/22/2014 | 10 | ORDER Granting 9 Joint Motion to Extend Defendant's Time to Respond to Plaintiff's Complaint. The second Joint Motion to Extend Defendant's Time to Respond to Plaintiff's Complaint is granted. No later than January 19, 2015, Defendant Styles for Less, Inc. shall file a response to the complaint, if any. Signed by Judge Dana M. Sabraw on 12/22/14. (dls) (Entered: 12/22/2014) |
| 01/29/2015 | 11 | ORDER Following Telephonic Conference. An informal telephonic conference was held on January 29, 2015. The time for Defendant to respond pursuant to Federal Rule of Civil Procedure 12(b) is extended through February 17, 2015. Signed by Judge Dana M. Sabraw on 1/29/2015.(dls) (Entered: 01/30/2015) |
| 01/29/2015 | 12 | Minute Entry for proceedings held before Judge Dana M. Sabraw: Telephonic Rule 12(b) Status Hearing held on 1/29/2015. (Plaintiff Attorney James Patterson). (Defendant Attorney Esteban Morales). (no document attached) (jak) (Entered: 01/30/2015) |
| 02/17/2015 | 13 | NOTICE of Appearance by Jessica A. Mcelroy on behalf of Styles for Less, Inc. (Mcelroy, Jessica)Attorney Jessica A. Mcelroy added to party Styles for Less, Inc.(pty:dft) (dls). (Entered: 02/17/2015) |
| 02/17/2015 | 14 | NOTICE of Party With Financial Interest by Styles for Less, Inc. (Mcelroy, Jessica) (dls). (Entered: 02/17/2015) |
| 02/17/2015 | 15 | ANSWER to 1 Complaint, *Plaintiff's Class Action Complaint* by Styles for Less, Inc.. (Mcelroy, Jessica)(dls). (Entered: 02/17/2015) |
| 02/18/2015 | 16 | NOTICE AND ORDER Setting Telephonic Early Neutral Evaluation Conference. A telephonic Early Neutral Evaluation of your case with counsel only will be held on 3/18/2015 at 9:30 AM in the Chambers of Magistrate Judge Nita L. Stormes. Signed by Magistrate Judge Nita L. Stormes on 2/18/2015.(dls) (Entered: 02/18/2015) |
| 03/18/2015 | 17 | Minute Entry for proceedings held before Magistrate Judge Nita L. Stormes: Early Neutral Evaluation Conference held on 3/18/2015. Continued telephonic Early Neutral Evaluation set for 4/17/2015 at 10:00 AM before Magistrate Judge Nita L. Stormes. Plaintiff's counsel must arrange the conference call. (Plaintiff Attorney James Patterson, Liz Sabret). |

| | | |
|---|---|---|
| | | (Defendant Attorney Jessica McElroy). (no document attached) (ecp) (Entered: 03/18/2015) |
| 04/17/2015 | 18 | Minute Entry for proceedings held before Magistrate Judge Nita L. Stormes: Early Neutral Evaluation Conference held on 4/17/2015. (Plaintiff Attorney Jim Patterson). (Defendant Attorney Jessica McElroy). Case did not settle. Scheduling order to issue.(no document attached) (ecp) (Entered: 04/17/2015) |
| 04/17/2015 | 19 | Order Following Early Neutral Evaluation Conference, Setting Rule 26 Compliance, and Notice of Telephonic Case Management Conference. The Court convened an Early Neutral Evaluation Conference on 4/17/2015. The Case did not settle. Counsel are ordered to appear telephonically on May 13, 2015 at 3:30 p.m. before Magistrate Judge Stormes for a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b). Plaintiff's counsel shall initiate the telephonic conference. Signed by Magistrate Judge Nita L. Stormes on 4/17/2015.(aef) (Entered: 04/20/2015) |
| 04/22/2015 | 20 | NOTICE of Appearance by Elizabeth R. Favret on behalf of Asal Sally Manouchehri (Favret, Elizabeth)Attorney Elizabeth R. Favret added to party Asal Sally Manouchehri(pty:pla) (aef). (Entered: 04/22/2015) |
| 04/24/2015 | 21 | ****DOCUMENT WITHDRAWN PER ENTRY 37 **** - MOTION to Stay by Styles for Less, Inc.. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration, # 3 Declaration, # 4 Request for Judicial Notice, # 5 Exhibit 1 (and table of Exhibits), # 6 Exhibit 2, # 7 Exhibit 3, # 8 Exhibit 4, # 9 Exhibit 5, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11)(Briones, Joshua) (aef). Modified on 9/8/2015-to withdraw document; term motion (aef) (Entered: 04/24/2015) |
| 05/13/2015 | 22 | Due to a scheduling conflict for Plaintiff's counsel, the court vacates the case management conference set for May 13, 2015. The court will issue a scheduling order. Signed by Magistrate Judge Nita L. Stormes on 5/13/2015.(no document attached) (ecp) (Entered: 05/13/2015) |
| 05/15/2015 | 23 | SCHEDULING ORDER Regulating Discovery and Other Pre-Trial Proceedings. A Mandatory Settlement Conference is set for 5/16/2016 at 09:30 AM before Magistrate Judge Nita L. Stormes. The Proposed Final Pretrial Conference Order is due by 7/22/2016. The Final Pretrial Conference is set for 7/29/201at 10:30 AM before Judge Dana M. Sabraw. The Jury Trial is set for 9/12/2016 at 09:00 AM before Judge Dana M. Sabraw. Signed by Magistrate Judge Nita L. Stormes on 5/13/2015.(aef) (Entered: 05/15/2015) |
| 05/15/2015 | 24 | RESPONSE in Opposition re 21 MOTION to Stay filed by Asal Sally Manouchehri. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Patterson, James) (aef). (Entered: 05/15/2015) |
| 05/22/2015 | 25 | REPLY to Response to Motion re 21 MOTION to Stay filed by Styles for Less, Inc. (Mcelroy, Jessica) (aef). (Entered: 05/22/2015) |
| 05/26/2015 | 26 | ORDER Re: Oral Argument. (Re: Doc. 21 ) Pending before the Court is Defendant's motion to stay. The motion is set for hearing on Friday, May 29, 2015, and is suitable for submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Accordingly, no appearances are required at this time. Signed by Judge Dana M. Sabraw on 5/26/2015.(aef) (Entered: 05/26/2015) |
| 05/29/2015 | 27 | Joint MOTION for Extension of Time to Complete Discovery *and Other Pre-Trial Proceedings* by Styles for Less, Inc.. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Proof of Service)(Mcelroy, Jessica) (aef). (Entered: 05/29/2015) |
| 06/01/2015 | 28 | CERTIFICATE OF SERVICE by Styles for Less, Inc. re 27 Joint MOTION for Extension of Time to Complete Discovery *and Other Pre-Trial Proceedings* (Mcelroy, Jessica)(aef). |

| | | (Entered: 06/01/2015) |
|---|---|---|
| 06/01/2015 | 29 | ORDER Granting in part 27 Joint Motion to Continue Class Discovery and Other Pre-Trial Proceedings. The Court grants in part the parties' joint motion, and orders: The deadline to conduct class discovery is July 15, 2015. The deadline to file a motion for class certification is July 29, 2015. Signed by Magistrate Judge Nita L. Stormes on 6/1/2015. (aef) (Entered: 06/01/2015) |
| 06/08/2015 | 30 | Joint MOTION for Protective Order *Joint Motion for Entry of Stipulated Protective Order* by Asal Sally Manouchehri. (Patterson, James) (aef). (Entered: 06/08/2015) |
| 06/15/2015 | 31 | ORDER Granting 30 Joint Motion for Entry of Protective Order. Signed by Magistrate Judge Nita L. Stormes on 6/15/2015. (aef) (Entered: 06/15/2015) |
| 07/02/2015 | 32 | Joint MOTION to Continue *Class Discovery and Other Pre-Trial Proceedings (Second)* by Styles for Less, Inc. (Mcelroy, Jessica) (aef). (Entered: 07/02/2015) |
| 07/07/2015 | 33 | ORDER Granting 32 Joint Motion to Continue Class Discovery and Other Pre-Trial Proceedings. The parties' Joint Motion to Continue Class Discovery and Other Pre-Trial Proceedings (Second) Is GRANTED. It is hereby ORDERED as follows: 1) The deadline for completion of class discovery is extended to August 14, 2015; and 2) Plaintiff must file a motion for class certification by August 31, 2015. 3) No other dates in the scheduling order are affected. Signed by Magistrate Judge Nita L. Stormes on 7/7/2015. (aef) (Entered: 07/07/2015) |
| 08/14/2015 | 34 | Joint MOTION *for Determination of Discovery Dispute; or, in the Alternative, Continuation of Class Certification Deadlines* by Asal Sally Manouchehri. (Attachments: # 1 Declaration James R. Patterson with Exh. 1)(Patterson, James) (aef). (Entered: 08/14/2015) |
| 08/18/2015 | 35 | ORDER Granting 34 Joint Motion for Discovery Dispute No. 1. The Court ORDERS: 1. Defendant Styles for Less, Inc. must produce the unredacted consumer complaints produced in response to Request for Production No. 23, including the redactions in Documents Bate Stamped as SFL000226-SFL000432, by August 21, 2015. 2. Defendant Styles for Less, Inc. must produce by August 28, 2015 he documents responsive to Requests for Production Nos. 12, 13, and 14. 3. MobileStorm, Inc. must respond by August 28, 2015 to the subpoena for production of documents served on it on July 31, 2015, and to submit to a deposition within two weeks after producing the responsive documents. 4. The deadline to file a motion for class certification is extended to September 18, 2015. 5. If Styles for Less wishes to file a motion to stay based on the Rule 68 issue, they must file it by September 4, 2015. A filing of the motion to stay will not absolve Styles for Less or MobileStorm of their discovery obligations required by this order. 6. The parties are still encouraged to attend the September 4, 2015 mediation. Signed by Magistrate Judge Nita L. Stormes on 8/18/2015. (aef) (Entered: 08/18/2015) |
| 09/04/2015 | 36 | MOTION to Stay by Styles for Less, Inc.. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Jessica A McElroy)(Mcelroy, Jessica) (aef). (Entered: 09/04/2015) |
| 09/08/2015 | 37 | NOTICE OF WITHDRAWAL OF DOCUMENT by Styles for Less, Inc. re 21 MOTION to Stay filed by Styles for Less, Inc. . (Mcelroy, Jessica) (aef). (Entered: 09/08/2015) |
| 09/15/2015 | 38 | Joint MOTION to Continue *the Deadlines for Filing Motion for Class Certification* by Asal Sally Manouchehri. (Patterson, James) (aef). (Entered: 09/15/2015) |
| 09/16/2015 | 39 | ORDER Granting 38 Joint Motion to Continue the Deadlines for Filing Motion for Class Certification. The Parties' Joint Motion to Continue the Deadlines for Filing Motion for Class Certification is GRANTED. Plaintiff shall file her motion for class certification by |

| | | |
|---|---|---|
| | | October 19, 2015. Signed by Magistrate Judge Nita L. Stormes on 9/16/2015. (aef) (Entered: 09/16/2015) |
| 09/24/2015 | 40 | NOTICE by Asal Sally Manouchehri *of Withdrawal of Counsel* (Favret, Elizabeth) (aef). (Entered: 09/24/2015) |
| 09/30/2015 | 41 | Joint MOTION to Continue *Defendant Styles for Less' Motion to Stay* by Asal Sally Manouchehri. (Patterson, James)(aef). (Entered: 09/30/2015) |
| 10/02/2015 | 42 | ORDER Granting 41 Joint Motion to Continue Defendant Styles for Less' Motion to Stay. For good cause shown pursuant to Federal Rule of Civil Procedure (b), the Joint Motion to Continue Defendant's Motion to Stay is GRANTED. The hearing date currently set on this Court's calendar for October 16, 2015 is CONTINUED TO November 20, 2015. Plaintiff's opposition, if any, shall be filed no later than November 6, 2015; and Styles for Less' reply, if any, shall be filed no later than November 13, 2015. Signed by Judge Dana M. Sabraw on 10/2/2015. (aef) (Entered: 10/02/2015) |
| 10/19/2015 | 43 | Joint MOTION to Continue *the Deadlines for Filing Motion for Class Certification* by Asal Sally Manouchehri. (Attachments: # 1 Proof of Service)(Patterson, James) (mdc) (Entered: 10/19/2015) |
| 10/20/2015 | 44 | ORDER Granting Joint Motion To Continue The Deadlines For Filing Motion For Class Certification (Re Dkt # 43 ): Plaintiff shall file her motion for class certification by 11/19/2015. Signed by Magistrate Judge Nita L. Stormes on 10/20/2015. (mdc) (Entered: 10/20/2015) |
| 11/05/2015 | 45 | Joint MOTION to Continue *Defendant Styles for Less' Motion to Stay* by Asal Sally Manouchehri. (Attachments: # 1 Proof of Service)(Patterson, James) (aef). (Entered: 11/05/2015) |
| 11/12/2015 | 46 | ORDER Granting 45 Joint Motion to Continue. The Court GRANTS the joint motion and CONTINUES the hearing date on Defendant's motion to January 29, 2016. Plaintiff Asal Sally Manouchehri's Opposition, if any, is due on January 15, 2016. Defendant's Reply, if any, is due on January 22, 2016. Signed by Judge Dana M. Sabraw on 11/9/2015. (aef) (Entered: 11/12/2015) |
| 11/19/2015 | 47 | Joint MOTION to Continue *the Deadlines for Filing Motion for Class Certification* by Asal Sally Manouchehri. (Attachments: # 1 Certificate of Service)(Patterson, James) (aef). (Entered: 11/19/2015) |
| 11/19/2015 | 48 | ORDER Granting 47 Joint Motion to Continue the Deadlines for Filing Motion for Class Certification. The Parties' Joint Motion to Continue the Deadlines for Filing Motion for Class Certification is GRANTED. Plaintiff shall file her motion for class certification by February 17, 2016. Signed by Magistrate Judge Nita L. Stormes on 11/19/2015. (aef) (Entered: 11/19/2015) |
| 12/28/2015 | 49 | NOTICE of Settlement *Joint Notice of Settlement* by Asal Sally Manouchehri (Attachments: # 1 Proof of Service)(Patterson, James) (knb). (Entered: 12/28/2015) |
| 12/30/2015 | 50 | ORDER: The parties filed a notice of settlement. They must file a motion for preliminary approval of class action settlement with Judge Sabraw by January 28, 2016. Signed by Magistrate Judge Nita L. Stormes on 12/30/2015.(no document attached) (ecp) (Entered: 12/30/2015) |
| 01/27/2016 | 51 | Joint MOTION to Continue *the Deadline for Filing Motion for Preliminary Approval of Class Action Settlement* by Asal Sally Manouchehri. (Patterson, James) (mdc.) (Entered: 01/27/2016) |
| 01/28/2016 | 52 | ORDER Granting Joint Motion To Continue (Re Dkt # 51 ): The Court continues the |

| | | deadline to move for preliminary settlement approval to 2/29/2016. In light of the parties' pending settlement, the Court vacates oral argument on Defendant's motion to stay, previously set for 1/29/2016 at 01:30 PM. Signed by Judge Dana M. Sabraw on 1/28/2016. (mdc) (jao). (Entered: 01/28/2016) |
|---|---|---|
| 02/29/2016 | 53 | Joint MOTION to Continue *the Deadline for Filing Motion for Preliminary Approval of Class Action Settlement* by Styles for Less, Inc. (Mcelroy, Jessica) (aef). (Entered: 02/29/2016) |
| 03/02/2016 | 54 | ORDER Granting 53 Joint Motion to Continue. Pending before the Court is the parties' motion to continue the deadline to file a motion for preliminary settlement approval until March 21, 2016. Good cause appearing, the Court grants the motion. The parties shall file their motion for preliminary settlement approval on or before March 21, 2016. Signed by Judge Dana M. Sabraw on 3/2/2016. (aef) (Entered: 03/03/2016) |
| 03/21/2016 | 55 | **DOCUMENT STRICKEN PER ENTRY 57 ** - NOTICE by Asal Sally Manouchehri *Notice, Consent, and Reference of a Civil Action to a Magistrate Judge Nita L. Stormes* (Attachments: # 1 Certificate of Service)(Patterson, James) Modified on 3/23/2016-to strike document (aef). (Entered: 03/21/2016) |
| 03/21/2016 | 56 | Joint MOTION to Continue *the Deadlines for Filing Motion for Preliminary Approval of Class Action Settlement* by Asal Sally Manouchehri. (Attachments: # 1 Certificate of Service)(Patterson, James) (aef). (Entered: 03/21/2016) |
| 03/23/2016 | 57 | Notice of Document Discrepancies and Order Thereon by Judge Dana M. Sabraw Rejecting re 55 Consent to proceed before Magistrate Judge, from Plaintiff Asal Sally Manouchehri. Non-compliance with local rule(s), ECF 2(h): Includes a proposed order or requires judges signature. IT IS HEREBY ORDERED: The document is rejected. It is ordered that the Clerk STRIKE the document from the record, and serve a copy of this order on all parties. Signed by Judge Dana M. Sabraw.(aef) (Entered: 03/23/2016) |
| 03/23/2016 | 58 | Notice, Consent and Reference of a Civil Action to a Magistrate Judge. Case reassigned to Magistrate Judge Nita L. Stormes. The new case number is 14cv2521-NLS. Signed by Judge Dana M. Sabraw on 3/23/2016.(aef) (Entered: 03/23/2016) |
| 03/25/2016 | 59 | ORDER Granting 56 Joint Motion to Continue. The parties shall file their motion for preliminary settlement approval on or before April 21, 2016. Signed by Magistrate Judge Nita L. Stormes on 3/25/2016. (knb) (Entered: 03/25/2016) |
| 04/15/2016 | 60 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-8979627.) (Application to be reviewed by Clerk.) (Meyers, Evan) (aef). (Entered: 04/15/2016) |
| 04/18/2016 | 61 | PRO HAC APPROVED: Evan M. Meyers appearing for Plaintiff Asal Sally Manouchehri. (no document attached) (aef) (Entered: 04/18/2016) |
| 04/21/2016 | 62 | ORDER: The parties have until April 25, 2016 to file a motion for preliminary approval. Signed by Magistrate Judge Nita L. Stormes on 4/21/2016.(no document attached) (ecp) (Entered: 04/21/2016) |
| 04/25/2016 | 63 | MOTION *Notice of Unopposed Motion and Motion for 1) Preliminary Approval of Class Action Settlement, 2) Provisional Class Certification, 3) Distribution of Class Notice, and 4) Scheduling of Fairness Hearing* by Asal Sally Manouchehri. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration James R. Patterson with Exhibits 1-3, # 3 Declaration Evan M. Meyers)(Patterson, James) (knb). (Entered: 04/25/2016) |
| 04/26/2016 | 64 | In light of the parties settling the case and filing a motion for preliminary approval, the court vacates the mandatory settlement conference, pretrial conference and jury trial set in this case. The court also vacates the June 1, 2016 hearing date for the motion for |

| | | |
|---|---|---|
| | | preliminary approval and takes the matter under submission. Signed by Magistrate Judge Nita L. Stormes on 4/26/2016.(no document attached) (ecp) (Entered: 04/26/2016) |
| 06/06/2016 | 65 | ORDER finding as moot 36 Motion to Stay: The parties have agreed to settle this case. A motion for preliminary approval is currently under submission. Signed by Magistrate Judge Nita L. Stormes on 6/6/2016. (no document attached) (ecp) (Entered: 06/06/2016) |
| 06/20/2016 | 66 | ORDER Granting 63 Preliminary Approval of Class Action Settlement and Provisional Class Certification. Final Approval Hearing set for 10/6/2016 02:30 PM in Courtroom 1A before Magistrate Judge Nita L. Stormes. Signed by Magistrate Judge Nita L. Stormes on 6/20/2016. (knb) (jao). (Entered: 06/20/2016) |
| 06/27/2016 | 67 | AMENDED COMPLAINT with Jury Demand *First Amended Class Action Complaint* against All Defendants, filed by Asal Sally Manouchehri, Pooneh Mehrazar-Arzani. (Attachments: # 1 certificate of service) (Patterson, James) (knb). (Entered: 06/27/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/13/2016 14:50:35 | | | |
| PACER Login: | musicklaw:2600997:0 | Client Code: | 0391 79106-769 |
| Description: | Docket Report | Search Criteria: | 3:14-cv-02521-NLS Start date: 10/22/2014 End date: 7/13/2016 |
| Billable Pages: | 7 | Cost: | 0.70 |

EXHIBIT F

1 | **MUSICK, PEELER & GARRETT LLP**
  | ATTORNEYS AT LAW
2 | ONE WILSHIRE BOULEVARD, SUITE 2000
  | LOS ANGELES, CALIFORNIA 90017-3383
  | TELEPHONE (213) 629-7600
3 | FACSIMILE (213) 624-1376

4 | David A. Tartaglio (State Bar No. 117232)
  | *d.tartaglio@mpglaw.com*
  | Teresa Cho (State Bar No. 156610)
5 | *t.cho@mpglaw.com*

6 | Attorneys for Defendant RSUI INDEMNITY COMPANY

7 |

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10 |

| | |
|---|---|
| 11 STYLES FOR LESS, INC., a corporation, | Case No. 30-2016-00857912-CU-IC-CXC [Hon. William Claster, Dept. CX-102] |
| 12         Plaintiff, | **NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** |
| 13         vs. | |
| 14 RSC INSURANCE BROKERAGE, INC., d/b/a RISK STRATEGIES COMPANY, INC., | |
| 15 a corporation, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a | Action Filed:    June 14, 2016 |
| 16 corporation, RSUI INDEMNITY COMPANY, a corporation, and DOES 1 through 100, | Trial Date:    Not Set |
| 17 inclusive, | |
| 18         Defendants. | |

19 |

20 | TO THE CLERK OF THE SUPERIOR COURT AND ADVERSE PARTIES:

21 |         PLEASE TAKE NOTICE that this action has been removed to the United States District

22 | Court for the Central District of California by Defendant RSUI Indemnity Company on

23 | July 15, 2016.  Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal

24 | and Certificate of Interested Entities or Persons filed in the United States District Court effecting

25 | such removal.

26 | ///

27 | ///

28 | ///

1

1    PLEASE TAKE FURTHER NOTICE that, in accordance with 28 U.S.C. § 1446(d), the

2    Superior Court of California shall not proceed any further in this action unless and until the action

3    is remanded by the United States District Court.

4

5    DATED:  July 15, 2016                           MUSICK, PEELER & GARRETT LLP

6

7                                                    By: _____

8                                                         Teresa Cho
                                                          Attorneys for Defendant RSUI INDEMNITY
9                                                         COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW